**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

BENNIE AUSTIN MACK, JR.,     )
            )
        Plaintiff, pro se,    )
            )       **MEMORANDUM OPINION**
        v.          )      **AND RECOMMENDATION**
            )       1:07CV784
CARL R. FOX, et al.,      )
            )
        Defendants.    )

      This matter is before the court on eight motions by the parties. Pro se Petitioner Bennie Austin Mack, Jr. has filed the following motions: (1) a motion for summary judgment (docket no. 12); (2) a motion for default judgment (docket no. 26); and (3) a motion "for Order declaring the defendants having failed to plead or otherwise defend" (docket no. 44). The various Defendants have also filed the following motions: (4) a motion to dismiss and response in opposition to Plaintiff's motion for summary judgment by Defendants Cox and Hathway (docket no. 38); (5) a motion to dismiss by Defendant Orange County (docket no. 30); (6) a motion to dismiss by Defendants Fox, Woodall, and Linga (docket no. 15); (7) a motion to dismiss by Defendants Cooper and DelForge (docket no. 6); and (8) a motion to dismiss by Defendant Barber (docket no. 19). The parties have responded in opposition to the various motions, and the matter is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge. Therefore, the motions must be addressed by way of recommendation. For the reasons that follow,

it will be recommended that the court dismiss Plaintiff's action without prejudice as barred by *Heck v. Humphrey*. To this extent, it will be recommended that the court deny all of Plaintiff's motions and grant all of Defendants' motions.

## BACKGROUND

Pro se Plaintiff brings this action seeking compensatory, declaratory, and injunctive relief under 42 U.S.C. § 1983 against numerous officials in the North Carolina judicial system based on the extension of his probationary term pursuant to N.C. GEN. STAT. § 15A-1342. Plaintiff has sued the Defendants in their official and individual capacities. Plaintiff has sued the following individuals and/or entities as Defendants: (1) Orange County Superior Court Judge Carl R. Fox; (2) James Woodall, District Attorney for the 15B Prosecutorial District of North Carolina; (3) Retired Superior Court Judge Wade Barber; (4) Aries Cox, Probation Officer for the 15B Prosecutorial District of North Carolina; (5) Geoffrey Hathway, Supervisor for the Department of Probation and Parole for the 15B Prosecutorial District of North Carolina; (6) Vin Linga, Assistant District Attorney for the NC 15B Prosecutorial District of North Carolina; (7) Roy Cooper, Attorney General for the State of North Carolina; (8) Clarence J. Delforge, III, Assistant Attorney General for the State of North Carolina; and (9) Orange County, North Carolina.

## FACTS

On April 17, 1997, in Orange County Superior Court, Plaintiff was convicted of five counts of obtaining property by false pretenses. Plaintiff was sentenced to 6-

-2-

8 months imprisonment on each count. The trial court judge suspended the sentences and placed Plaintiff on supervised probation until April 16, 2002. Plaintiff was also required to pay restitution. On August 30, 2000, the Honorable Wade Barber, Jr., found that Plaintiff was in violation of his probation for failure to make restitution and extended the term of probation three years to April 16, 2005. On December 12, 2000, Judge Barber again modified the probation order, increasing Plaintiff's monthly payments from $1000 to $1500 toward the more than $100,000 Defendant owed in restitution. On December 3, 2004, Judge Barber conducted a probation hearing regarding Plaintiff's alleged failure to comply with the payment schedule under the December 2000 order. After the hearing, Judge Barber revoked Plaintiff's probation and entered judgments activating Plaintiff's sentences.

In this section 1983 action, Plaintiff complains that his probation was wrongfully revoked because his probation period had in fact already legally expired when his probation was revoked. In his complaint, as noted, Plaintiff names as Defendants many officials in the state judicial system, including judges, District Attorneys, and probation officers.[1] Plaintiff has also named Orange County as a Defendant.

---

[1] On November 6, 2006, Plaintiff filed a section 2254 habeas petition in this court, asserting the same claim brought in this section 1983 action. (*See Mack v. Solomon*, 1:06-cv-974, filed November 6, 2006). On June 18, 2007, this court dismissed Plaintiff's habeas petition.

## DISCUSSION

In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

Generally, the court looks only to the complaint itself to ascertain the propriety of a motion to dismiss. *See George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980). A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Bolding v. Holshouser*, 575 F.2d 461, 464 (4th Cir. 1978). This duty of fair notice under Rule 8(a) requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). As the Supreme Court has recently instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Id.* With these principles in mind, the court now turns to the various Defendants' motions to dismiss.

<u>*Heck v. Humphrey*</u>

Defendants assert as one of their grounds for dismissal that Plaintiff's section 1983 action is premature under the principles announced under *Heck v. Humphrey*. I agree. A section 1983 plaintiff who seeks to recover damages for an unconstitutional conviction, imprisonment, or other harm caused by actions whose unlawfulness would render the conviction or sentence unlawful, must prove that the conviction or sentence has been reversed, expunged, or declared invalid. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994); *Torres v. McLaughlin,* 163 F.3d 169, 173 (3d Cir. 1998). It is well settled that *Heck* applies to probation revocations. *See Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997) (stating that *Heck* applies to any suit "premised . . . on the invalidity of confinement pursuant to some legal process, whether . . . parole revocation, . . . or other"); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (applying *Heck* to a probation revocation proceeding).

Plaintiff is complaining that he was wrongly charged with a probation violation. He contends that when he was charged with the violation his probation had already legally expired. If Plaintiff were to prevail in this section 1983 action, this court's judgment would necessarily imply that the revocation of his probation was invalid. Plaintiff has not shown, however, that the state probation violation charge has been

reversed, expunged, or declared invalid. Therefore, Plaintiff's section 1983 claim is clearly barred by *Heck v. Humphrey* and should be dismissed.[2]

## **CONCLUSION**

For the foregoing reasons, it is **RECOMMENDED** that this action be dismissed without prejudice as barred under *Heck v. Humphrey*. To this extent, Defendants' various motions for dismissal (docket nos. 6, 15, 19, 30, 38) should all be **GRANTED**. Moreover, all of the motions brought by Plaintiff (docket nos. 12, 26, 44) should be **DENIED**.

_____
Wallace W. Dixon
United States Magistrate Judge

October 15, 2008

_____

[2] The various Defendants have offered other, alternative, grounds for dismissal, including prosecutorial and judicial immunity, failure to state a claim, etc. All of these other grounds appear to have merit, but since this matter is clearly barred by *Heck*, there is no need to address these other grounds.

-6-